IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:11-CR-150 |
| | § | |
| ALBERT AMAYA, JR., (3) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 17, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Marisa Miller.

Albert Amaya Jr. was sentenced on November 14, 2012, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Marijuana, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of I, was 57 to 71 months. Albert Amaya Jr. was subsequently sentenced to 60 months custody followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse treatment and testing, and financial disclosure. On December 2, 2015, Albert Amaya Jr. completed his period of imprisonment and began service of the supervision term.

On September 6, 2017, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 125 Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) Defendant shall not commit another

REPORT AND RECOMMENDATION – Page 1

federal, state, or local crime; (2) Defendant shall not illegally possess a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; (4) Defendant shall not leave the judicial district without permission of the Court or probation officer; and (5) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

      The Petition alleges that Defendant committed the following acts: (1) According to an arrest report, on March 29, 2017, deputies with the Hopkins County, Texas, Sheriff's Office (HCSO) boarded a greyhound bus in plain clothes and made contact with Defendant and another male named Cesar Alejandro Amaya. HCSO deputies obtained consent from Defendant to search his bags, and they located a large sum of U.S. currency. Defendant stated the money belonged to him. HCSO deputies noticed the large sum of U.S. currency was packed in the same way narcotics traffickers package their money and therefore, Defendant was detained and transported to the Hopkins County Jail. Upon arrival at the jail, a K-9 was called to the scene and an open-air search was conducted on the U.S. currency. Defendant was placed into custody and booked on the charge of Money Laundering >=$2,500<$30K. Defendant posted bond and was released on April 2, 2017; (2) and (3) On June 20, and June 30, 2017, Defendant submitted urine specimens that each tested positive for marijuana and cocaine. On June 29, 2017, Defendant verbally admitted to the probation officer that he used marijuana and cocaine on or around June 17, 2017. On June 30, 2017, Defendant verbally admitted to the probation officer that he smoked marijuana weeks prior, and that he accidentally tasted cocaine on June 28, 2017, when he was cleaning the powder off the restroom counter top and that he had been using cocaine for the past few weeks, primarily on the

weekends and with a friend; (4) Defendant did not have permission to travel to Hopkins County, Texas, on the date of his arrest; and (5) During Defendant's arrest on March 29, 2017, Defendant was with Cesar Alejandro Amaya, a convicted felon. Defendant did not have permission to associate with Cesar Alejandro Amaya.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations two (2), three (3) and four (4) of the Petition. Having considered the Petition and the plea of true to allegations two (2), three (3) and four (4) the Court finds that Defendant did violate his conditions of supervised release. The Government dismisses allegations one (1) and five (5) against the Defendant.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons Fort Worth, Texas Men's facility, if appropriate.

**SIGNED this 20th day of November, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE